## Lucy Thomas *vs.* John Le Baron.

When the signer of an unacknowledged deed, and one of the subscribing witnesses thereto, are dead, and the other subscribing witness, on being produced before a court of record, testifies that he has no distinct recollection of the matter, nor of his own hand writing, the court may examine other persons as to the hand writing of the grantor, and, if satisfied of its genuineness, may admit the deed to record; and such decision cannot be inquired into in a collateral manner, but is conclusive on the subject, unless fraud was practised on the court.

An administrator's deed of land, sold by him under a license of the probate court, is not rendered invalid by a misrecital of the time when the license was granted, if the deed contains also a recital of other facts, which show that the sale was made under tne true license.

A judge of probate, to whom an administrator had applied for a license to sell the real estate of his intestate, while *St.* 1817, *c.* 190, was in force, ordered the administrator to give personal notice to all persons interested in the estate, to appear at a certain day and show cause : On that day, the judge passed a decree granting the license, and

recited, in the decree, that the administrator had given personal notice to all persons
interested in the estate, agreeably to the order, as was evident to him from due exam-
ination: The administrator thereupon sold the land, and gave a deed thereof. *Held*
in a writ of entry brought by an heir of the intestate to recover the land, that as the
time of personal notice was not prescribed by the statute, the court of probate was
the proper tribunal to judge of the sufficiency of the notice, and that the decree of the
judge was conclusive on all parties interested, including minors who did not show
that they had no guardian when the notice was ordered.

After the lapse of twenty four years from the time of the sale of an intestate's real estate
by his administrator, under a license from the judge of probate, granted while *St.* 1817,
*c.* 190, was in force, the certificate of the judge, recorded with the grant of the license,
that the administrator had taken, before him, on the day the license was granted, " the
oath required by law to be taken by executors, administrators and guardians, previous
to their selling real estate," furnishes satisfactory evidence that the oath prescribed
by that statute was duly administered.

The notice which the statutes require to be given, by an administrator who obtains
license to sell the real estate of his intestate, of the time and place of sale, is essen-
tial to the validity of the sale; and in the absence of all evidence that such notice
was given, no presumption will be made, within thirty years, that it was given.

WRIT OF ENTRY, dated February 2d 1843, to recover pos-
session of thirty acres of land in Middleborough, part of the
farm formerly owned by Elijah Thomas.   The demandant
claimed this land as an estate of inheritance from her father,
Caleb Thomas, or her grandfather, Elijah Thomas.

At the trial before *Hubbard*, J. it was proved that Elijah
Thomas originally owned the land, and by deed, dated August
28th 1817, acknowledged and recorded, conveyed to his son,
Caleb Thomas, certain lands, including the demanded premises:
That said Caleb died on the 15th of September 1818, leaving
the demandant, his daughter, then about two years old :   That
in the deed aforesaid, it was stated that a lease of the conveyed
premises was to be made to said Elijah, during his life :   That
said Elijah afterwards lived on the premises, and died thereon
in February 1829:   That the tenant and his family were in
the house, on said premises, at the time of said Elijah's death ;
but that he and his family left the premises at said Elijah's
death.

The tenant contended that the demandant, having elected to
claim as heir of Caleb Thomas, her father, could not, in the
progress of the cause, introduce evidence to show a title as heir
of Elijah Thomas, her grandfather ; and he offered evidence
that administration on the estate of Caleb Thomas was granted

on the 19th of October 1818, to Sylvanus Tillson; and that said Tillson, on the 5th of July 1819, petitioned the judge of probate for leave to sell so much of said Caleb's real estate as would produce the sum of $800, for the payment of his debts; and that the judge of probate, on that day, passed the following order: " Ordered, that the said Sylvanus Tillson give personal notice of his said petition, and this order thereon, to all persons interested in said estate ; and that said petition will be considered, and acted upon, at the court of probate to be held at Plymouth, on the third Monday of July instant, when and where they may appear and show cause," &c.: That said Tillson, at the foot of said order, made and signed the following return : " July 16th 1819. Pursuant to the above petition and order, I have notified all persons interested in the estate of Caleb Thomas, deceased, to appear and show cause, if any they have, why the prayer of said petition should not be granted : " That on the 19th of July 1819, the judge of probate passed the following order on the aforesaid petition : " The said Sylvanus Tillson having given personal notice to all persons interested, agreeably to the order of this court, all which being made evident to me by due examination, therefore ordered, that the said Sylvanus Tillson be, and he hereby is, empowered to sell, and pass deeds to convey, so much of said deceased's real estate, as shall produce the sum aforesaid. The said administrator to post notifications thirty days before the sale, account with me for the proceeds thereof, and be under oath as the law directs : " And that the following certificate was made and signed by the judge of probate, and entered on the probate records : " Plymouth, ss. July 19th 1819. Personally appeared Sylvanus Tillson, administrator on the estate of Caleb Thomas, late of Middleborough, in said county, deceased, and took the oath by law required of executors, administrators and guardians, previous to their selling real estate, to qualify him to sell the real estate of said deceased."

The tenant then offered in evidence the deed of said Tillson, administrator as aforesaid, to Zenas Thomas, bearing date November 5th 1819. This deed was never acknowledged. But

on the day before this cause came on for trial, the deed was presented to the court; and proof having been offered that said Tillson, the grantor, and one of the subscribing witnesses thereto, were dead, and the other subscribing witness, a female, not recollecting the circumstances, and not being clear in regard to her hand writing, the court admitted evidence to prove the hand writing of said Tillson, and directed the clerk to certify the proof of the same; whereupon the deed was immediately recorded.

The demandant objected to the admission of this deed in evidence to the jury, on the ground that the license to sell the estate, recited in the deed, was not the license proved to have been granted. The license granted was dated (as before stated) July 19th 1819. The deed recited a license granted on the third Monday of August 1819; but on examination of the records, no such license could be found. The tenant contended that this was a mere misrecital of the license, and that the true time might be proved *aliunde;* and the demandant's objection was overruled.

The tenant then proposed to read said deed, (the demandant objecting,) without offering any evidence that the administrator, Tillson, gave thirty days' public notice of the sale, as required by statute, by posting up notifications, or by printing a notification, three weeks successively, in any newspaper ordered by the court that directed the sale. And the tenant relied on the lapse of time, and the recital in the deed, and the loss of the evidence of the notifications. But, as the demandant insisted on his objection to the deed, the tenant did not further press this point, but endeavored to show, by a witness, that he (the witness) was present at the sale, and recollected the notification. But the witness, on being called, had no recollection of being present at any such sale, or of having seen any advertisement thereof.

The tenant then offered evidence to show that administration on the estate of said Sylvanus Tillson was granted in May 1822; and that administration on the estate of said Elijah Thomas, who died in February 1829, was granted to William Nelson,

who, in April 1831, under an order of court, sold so much of said Elijah's real estate as would produce $.60, for the payment of his debts, and for charges, &c. The tenant also gave in evidence a deed made to him by said Nelson, administrator as aforesaid, dated December 10th 1831, in which five acres of the parcel claimed by the demandant in this suit were conveyed by metes and bounds.

The tenant also offered the testimony of the aforesaid witness in regard to the possession of the premises ; and he testified that the tenant had been in possession twelve or thirteen years, but not ever since the death of Elijah Thomas. The demandant, to rebut this testimony, and to show the nature of the tenant's possession, gave in evidence an agreement between the tenant and Abigail Thomas, widow of said Elijah, " to improve the widow's dower ; " in which agreement, it was provided that a committee should " fix the rent he should pay." The demandant also proved that said Abigail sued the tenant for the use and occupation of the house and twenty acres of the land, and recovered judgment against him at the October term of this court, in 1842.

The tenant offered no testimony as to the delivery of the said deed from Nelson to him ; nor did he show in whose custody it had been since it was executed ; but he again offered to give in evidence the deed of Tillson. The judge refused to permit that deed to go to the jury, and the tenant submitted to a verdict against him, subject to the opinion of the whole court upon the rulings at the trial.

At the present term, the tenant moved for a new trial, upon the ground of newly discovered evidence as to the posting of notifications of the sale by Tillson.

*Coffin*, for the tenant. The demandant must show her own title. If she claims under Elijah Thomas, Elijah's deed to Caleb, in 1817, defeats that claim. If she makes claim under Caleb, the sale by his administrator, if proved, bars that claim. The effect of the deed by Tillson need not now be discussed, if the newly discovered evidence shall be found sufficient to entitle the tenant to a new trial. That deed, however, was rightly

admitted to registry. It was within the discretion of the court to receive evidence of the grantor's hand writing ; and that discretion is not the subject of exceptions. See Rev. Sts. c. 59, §§ 14, 15. The misrecital of the date of the license was immaterial. Any recital was unnecessary, and it may be regarded as surplusage.

The delivery of the tenant's deed from Nelson is to be presumed, from his producing it in court, and from his possession, for twelve or thirteen years, of the premises therein granted. See *Adams* v. *Frye*, 3 Met. 109.

*Eddy*, for the demandant. As the demandant was an infant until long after all the proceedings and conveyances relied on by the tenant, presumptions, which might avail the tenant in other cases, cannot operate against her. But in this case, where the conveyance of Tillson depended on the strict exercise of a naked authority granted to him, every prerequisite to the due exercise of that authority must have been shown by the tenant, even if the demandant had been of age at her father's death. *Knox* v. *Jenks*, 7 Mass. 492. *Williams* v. *Peyton*, 4 Wheat. 79. The tenant has had no adverse possession, but is a mere abator.

The proof of the notice of the sale by Tillson was insufficient. *Hudson* v. *Hulbert*, 15 Pick. 423. *Ashley* v. *Brightman*, 21 Pick. 285. And the license to sell was not granted upon such notice as *St.* 1817, *c.* 190, required. See *Smith* v. *Rice*, 11 Mass. 507. *Chase* v. *Hathaway*, 14 Mass. 222 *Hathaway* v. *Clark*, 5 Pick. 490. *Loring* v. *Steineman*, 1 Met. 204. The oath of Tillson is not sufficiently stated by saying that it was "according to law." *Marsh* v. *Bancroft*, 1 Met. 497. And no delivery of the deed, within a year after the license, was proved. See *Macy* v. *Raymond*, 9 Pick. 285. Besides ; the license was not such as the deed recites, and the deed is, therefore, of no validity.

HUBBARD, J. It was objected that the deed of Sylvanus Tillson was not properly admitted to record, and for that reason ought not to be received in evidence. That deed bore date November 5th 1819, and was produced in this court, at the last May term, by a person interested in it, that the same might be

proved, for the purpose of having it recorded. The signer and one of the subscribing witnesses were dead. The other witness, a female, who was produced in court and examined, testified that she had no distinct recollection of the circumstances, nor of her hand writing. The presiaing judge, upon this, admitted other witnesses to prove the hand writing of the signer, and being satisfied of its genuineness, he admitted the deed to record. We are of opinion that the judge, thus acting in his official capacity, was competent to decide on the question of fact, whether the deed was duly signed or not, and that the correctness of his decision cannot be inquired into in a collateral manner. It has so far the effect of a judgment, that it is conclusive on the subject, where no fraud has been practised.

A second objection to the deed of Tillson is the fact, that the license of the judge of probate to sell the estate was granted on the 19th of July 1819, but the recital in the deed is of a license granted on the third Monday of August 1819 ; that the sale is void, because it does not purport to have been made under the true license ; and that the recital of the license is not mere surplusage, but that the party claiming under the deed is bound by it. This, we think, is merely a false description. There was, in fact, a license granted by the judge of probate, which gave authority to sell the estate ; and there being other facts, which establish the sale to have been under the license of July 1819, and that no other could have been intended, we are of opinion that it is not such a mistake and misrecital as vitiate the deed. For though the description is false in this particular, the deed contains the recital of other facts, which controls this false description, and establishes the sale, with sufficient certainty, as being made under the true license. See Dyer, 50 *b.* *Foot* v. *Berkley,* Carter, 150. *Worthington* v. *Hylyer,* 4 Mass. 205. *Pierce* v. *Parker,* 4 Met. 84.

It is further objected, that there was no sufficient notice prior to granting the license for the sale of the estate, and therefore such license was insufficient and void. The *St.* of 1817, *c.* 190, § 10. then in force, provided that no such license should be granted until after personal notice, or notice given by an advertisement,

three weeks successively, in such newspaper as the court should order, to all persons interested therein, of the time and place at which they might be heard concerning the same. When the time of notice was directed to be given by advertisement, the statute prescribed the length of time during which notice should be given ; but the time for serving personal notice was left to the discretion of the court. In the present case, the judge of probate ordered personal notice to all persons interested in the estate. In pursuance of that direction, the administrator certified, on the order, that he had notified all persons interested to appear and show cause why the petition should not be granted. And the judge, in his decree granting the license for sale, recited that the administrator had given personal notice agreeably to the order, as was " made evident " to him " by due examination." As the statute did not prescribe the mode of proof of giving personal notice, nor require that the same should be recorded, it made the court, before which the petition should be presented, the tribunal to judge of the sufficiency of such notice ; and that judgment is binding on all parties interested, unless an appeal is taken from the decree. Here the judge has decided on the sufficiency of the notice. It is suggested that the party interested (the present demandant) was a minor, and so not affected by the order. But it not appearing that she had not a guardian, we do not feel bound to assume the fact that she was without a regular guardian, and that he was not notified. After such a lapse of time, the sufficiency of a notice, certified by a court competent to decide upon it at the time of receiving it, will not be questioned, without plenary evidence that the same was not in conformity to the requisitions of the statute, and that the party supposed to be aggrieved was not in a situation to avail herself of the right of appeal. On the subject of notice in the probate court, see the observations of the court in *Marcy* v. *Marcy*, 6 Met. 360.

It was further argued, that the oath taken by the administrator, prior to disposing of the estate, is not sufficiently recited in the proceedings, and therefore the sale under it cannot be justified. The *St.* of 1817, *c.* 190, § 11, prescribes the form of

Thomas v. Le Baron.

the oath to be taken before the judge of probate, or before some justice of the peace, whose certificate thereof shall be returned to the judge of probate. In the present instance, the oath was taken before the judge of probate. The statute does not require, in express terms, that the same shall be recorded; and we are of opinion that the certificate of the judge of probate, that the administrator appeared before him and took the oath by law required of executors, administrators and guardians, previous to their selling real estate, to qualify him to sell the estate, and which certificate was recorded with the grant of the license, is satisfactory evidence that the oath required by law was duly administered, and that this objection, at this period of time, cannot avail the party raising it.

Another objection was taken to the deed, viz. that no evidence was offered to show that the administrator gave the notice required by the statute, prior to the sale. The *Sts.* 1783, *c.* 32, § 1, and 1788, *c.* 66, § 6, expressly require that thirty days' public notice shall be given by the administrator, before making the sale, by posting up notifications of such sale in the town where the lands lie, as well as where the deceased person last dwelt, and in the two next adjoining towns, as also in the shire town of the county, or by a notification printed, three weeks successively, in such gazette or newspaper as the court that may authorize the sale shall order and direct. And the latter statute, and *St.* 1812, *c.* 24, also prescribe, that the affidavit of the administrator, or of some person employed by him to post up the notifications, taken before the probate court that directs the sale, and filed and recorded there, within eighteen months next following the sale, together with one of the original advertisements of the time, place, and estate to be sold, or a copy of it, shall be one mode of perpetuating the evidence; and also that the originals, or copies thereof from the register of the probate court, shall be admissible evidence in any court of law. This is one mode of proof, and is prescribed for the convenience of persons acting officially, in making sales of estates belonging to others. But it does not preclude the party from proving it *aliunde* by competent evidence. On the trial, the

tenant relied on the lapse of time since the making of the deed, as satisfactory evidence that the requisitions of the law were duly observed, by the administrator, prior to the sale, without offering any evidence from the probate office that notice of the posting was filed there, as provided by the statute, or attempt ing to prove, by any witnesses, that such notice was regularly given.  As only twenty four years have passed since the making of the deed, those legal presumptions, which the law raises on the lapse of time, cannot, we think, be applied, in a case like the present, so as to dispense with the necessary proof that the legal formalities prescribed by the statute were complied with ; as the law has so strictly required that such notice shall be given, in order to the validity of a sale.  To depart from the requisitions of the statute within the period of thirty years, and to dispense with all proof of notice, would not, we think, answer the ends which the law was designed to promote, namely, the integrity of sales made under orders of court, with which the rights of others are so peculiarly connected.  And we think the ruling of the judge, in rejecting the deed for this cause, was correct.

The counsel for the tenant having moved for a new trial, on the ground of the discovery, since the trial, of one of the original notices, of the administrator, of the intended sale, and of a witness who saw such notice posted in one of the places required by law, during the thirty days therein mentioned, the court grant the new trial, on the ground that such evidence is proper to be submitted to a jury ; but without deciding whether proof of the posting of one such notice will be sufficient, without evidence that the other notices were also given.

In consequence of the granting of a new trial, no opinion is given upon a point raised, by the tenant's counsel, at the argument before the court in bench, but not started at *nisi prius*, whether the demandant is not barred by *St.* 1817, *c.* 190, § 12, from maintaining this action, on the alleged ground that more than five years have passed since the disability of the demandant, by reason of her minority, has been removed, before commencing the suit.  That point may be raised on the further

trial of the case, if the party shall think it advisable. On the
ground of the newly discovered evidence, the verdict is se⁺
aside, and a

*New trial granted.*